# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **THOMAS WHITE,**  Plaintiff,  v.  **CITY OF CHICAGO, OFFICER JEFFREY CHUDY, OFFICER THOMAS WAKE, OFFICER STEVEN KAJDI, OFFICER NEIL GRIFFIN, OFFICER LORENZO COLUCCI, OFFICER KENNETH LeFLORE, OFFICER DAVID FIETKO and OTHER UNKNOWN CITY OF CHICAGO POLICE OFFICERS,**  Defendants. | Case No. 11 C 7037  Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Partial Motion to Dismiss filed by the seven individually-named Defendant police officers (the "Named Officers"). For the reasons stated herein, the Defendants' Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff Thomas White ("White") brings this suit alleging violations of his Constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, as well as state law claims for malicious prosecution and intentional infliction of emotional distress. All of these claims are based on his arrest and detainment by Chicago Police Officers on October 6, 2009 and the subsequent short-lived prosecution. Along with the Named Officers,

Plaintiff sues other unknown officers (the "Unknown Officers") and the City of Chicago.

The following facts are taken from Plaintiff's Complaint, which the Court accepts as true at this stage of the litigation. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011).

On the evening of October 6, 2009 Defendant Officers Jeffrey Chudy ("Chudy") and Thomas Wake ("Wake") responded to a report of a burglary in Plaintiff's neighborhood on the south side of Chicago. Around that time, Plaintiff left his house to walk to a convenience store.

Upon seeing Plaintiff on the sidewalk, Defendants Chudy and Wake exited their vehicle, instructed Plaintiff to place his hands on the hood of their vehicle, and proceeded to search his person. Defendants Chudy and Wake found nothing unlawful on Plaintiff's person and began asking questions regarding Plaintiff's prior whereabouts and his destination.

Plaintiff's allegations regarding the circumstances of his subsequent arrest are somewhat unclear in his Complaint and this lack of clarity is central to a portion of Defendants' Motion. First, Plaintiff alleges that "Defendants Chudy and Wake" handcuffed him and placed him under arrest after they questioned him. Compl. 3. However, Plaintiff's Complaint later states that he was arrested by the more-generally termed "Defendants." *Id.* at

5. Plaintiff specifically identifies Defendant Officers Neil Griffin ("Griffin") and Lorenzo Colucci ("Colucci") as the officers who, while Plaintiff was detained on the sidewalk, drove a witness past Plaintiff on the opposite side of the street and shined a light on Plaintiff for approximately 10 seconds.

The Complaint also alleges that "Defendants" created false reports in order to bolster the witness' identification and that Defendant Detective Steven Kajdi ("Kajdi") testified before a grand jury to the contents of those reports. Plaintiff was then indicted on felony charges of residential burglary and burglary. As a result, Plaintiff spent a number of months imprisoned in Cook County Jail before he posted a reduced bond and was released. On or around June 20, 2011, the witness recanted her statement and the charges against Plaintiff were dismissed.

Plaintiff's claims are based on his allegations that Defendants falsely arrested and unlawfully detained him, used unduly suggestive identification procedures, and maliciously prosecuted him. He alleges that Defendants acted with malice, willfulness, and reckless indifference, and that these actions caused him pain and injury, as well as emotional distress.

Defendants' Motion argues that all claims against Officer Kenneth LeFlore ("LeFlore"), Detective David Fietko ("Fietko"), and Detective Kajdi should be dismissed for failure to plead facts sufficient to state a cause of action against them. It further

argues that any claims based on Defendant Kajdi's grand jury testimony should be dismissed as they are barred by the doctrine of absolute immunity. Finally, it argues that any claims based on the unduly suggestive identification should be dismissed against all Defendants, as such claims are not actionable under 42 U.S.C. § 1983.

## II. **LEGAL STANDARD**

For purposes of a Motion to Dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts in the complaint and draws all inferences in Plaintiff's favor. *Cole*, 634 F.3d at 903. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff need not allege "detailed factual allegations," but must offer more than conclusions or "a formulaic recitation of the elements of the cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 556).

### A. Claims against Defendant Officers LeFlore, Fietko, and Kajdi

Defendants argue that Plaintiff has failed to allege facts sufficient to state a cause of action against Defendants LeFlore, Fietko, and Kajdi. Defendants argue that Plaintiff has not alleged these Defendants' individual involvement in his arrest and detainment, and as such, all claims against these Defendants should be dismissed.

It is true that Plaintiff does not name Defendants LeFlore and Fietko by name in any allegations of the Complaint and that Defendant Kajdi's name appears only in reference to his grand jury testimony. But Plaintiff encompasses them all by alleging "Defendants created false reports." Compl. 4. He further alleges that as a result of the false reports, he was falsely imprisoned and suffered injuries. These allegations, taken as true, raise the possibility of all Named Officers' liability above a "speculative" level.

The Court finds no merit in Defendants' argument that the allegation of false reports refers only to Defendants Chudy, Wake, Griffin, and Colucci, simply because those Defendants had already been named individually in the Complaint. Paragraph 17 of the Complaint refers to "Defendants" collectively. An allegation that all Defendants created false reports "is sufficient to plead personal involvement by the members of the group, even if each individual defendant comprising the group is not named

individually." *Awalt v. Marketti*, No. 11-6142, 2012 U.S. Dist. LEXIS 49182, at *27 (N.D. Ill. April 9, 2012).

Defendants attempt to distinguish *Awalt* from the present case by noting that the court there cited *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009), a case in which the court held that the plaintiff pled facts sufficient to survive a motion to dismiss because the plaintiff "names the persons responsible for the problem." Defs.' Reply, 4-5 (*quoting Burks*, 555 F.3d 592, 594 (7th Cir. 2009). But Defendants fail to note that the *Awalt* court also cited *Warren ex rel. Warren v. Dart* for the proposition that "although it is true that Plaintiff's complaint does not explicitly parse which of the named Defendants were responsible for which of the above acts or omissions, that level of specificity is not required under federal notice pleading standards." *Warren*, No. 09-3512, 2010 U.S. Dist. LEXIS 124671, at *19 (N.D. Ill. Nov. 24, 2010).

Here, when construing all inferences in Plaintiff's favor, the Court finds that Plaintiff has alleged facts sufficient to make it "plausible" that all named Defendants filed false reports. Accordingly, Defendants' motion to dismiss all claims against Defendants LeFlore, Fietko, and Kajdi is denied.

The result would be the same in regards to the false arrest claims if Plaintiff had not contradicted himself. The Complaint first states affirmatively that it was Defendants Chudy and Wake

individually." *Awalt v. Marketti*, No. 11-6142, 2012 U.S. Dist. LEXIS 49182, at *27 (N.D. Ill. April 9, 2012).

Defendants attempt to distinguish *Awalt* from the present case by noting that the court there cited *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009), a case in which the court held that the plaintiff pled facts sufficient to survive a motion to dismiss because the plaintiff "names the persons responsible for the problem." Defs.' Reply, 4-5 (*quoting Burks*, 555 F.3d 592, 594 (7th Cir. 2009). But Defendants fail to note that the *Awalt* court also cited *Warren ex rel. Warren v. Dart* for the proposition that "although it is true that Plaintiff's complaint does not explicitly parse which of the named Defendants were responsible for which of the above acts or omissions, that level of specificity is not required under federal notice pleading standards." *Warren*, No. 09-3512, 2010 U.S. Dist. LEXIS 124671, at *19 (N.D. Ill. Nov. 24, 2010).

Here, when construing all inferences in Plaintiff's favor, the Court finds that Plaintiff has alleged facts sufficient to make it "plausible" that all named Defendants filed false reports. Accordingly, Defendants' motion to dismiss all claims against Defendants LeFlore, Fietko, and Kajdi is denied.

The result would be the same in regards to the false arrest claims if Plaintiff had not contradicted himself. The Complaint first states affirmatively that it was Defendants Chudy and Wake

who were responsible for Plaintiff's arrest and handcuffing. Pl.'s Compl ¶ 12. Plaintiff later inexplicably widens the circle by stating that "Defendants" arrested him after the witness identification. Pl.'s Compl. ¶ 16. Plaintiff's original allegation that Defendants Chudy and Wake arrested him renders his subsequent conflicting arrest allegations (that more officers were involved in the arrest) conclusory and implausible. Consequently, any claims based solely on the actual arrest itself against Defendants other than Chudy and Wake are dismissed without prejudice.

### B. Claims Based on Defendant Officer Kajdi's Grand Jury Testimony

Next, Defendant Kajdi argues that any claims based on his grand jury testimony should be dismissed because such claims are barred by the doctrine of absolute immunity. As a general rule, police officers testifying before a grand jury are entitled to absolute immunity from liability for such testimony under 42 U.S.C. § 1983. *Curtis v. Bembenek*, 48 F.3d 281, 284 (7th Cir. 1995). An exception to that general rule exists for a "complaining witness" (*Cervantes v. Jones*, 188 F.3d 805, 809 (7th Cir. 1999)) but Plaintiff concedes he is not arguing that exception applies. Instead, Plaintiff admits that Defendant Kajdi "enjoys 'absolute immunity from liability under § 1983' for any misstatements or omissions he made to the grand jury." Pl.'s Resp., 4. Plaintiff further states that Defendant Kajdi's testimony "is not being used

to support stand-alone claims against him." *Id.* Accordingly, Defendant Kajdi is immune from Constitutional liability for any claim based solely on his grand jury testimony.

However, it does not necessarily follow that Kajdi is absolutely immune from any malicious prosecution liability. *Fabiano v. City of Palos Hills*, 336 Ill. App. 3d 635, 654 (1st Dist. 2002). The court in *Fabiano* noted that even though defendant officers testimony was absolutely privileged, the officers were not absolutely immune from malicious prosecution liability where the complaint was "not grounded solely on the allegation that the officers gave false testimony to the grand jury." *Id.* (quoting *Treece v. Village of Naperville*, 903 F.Supp. 1251, 1258 (N.D. Ill. Oct. 12, 1995). The allegation of false grand jury testimony may still be relevant to support Plaintiff's malicious prosecution claim. *Id.* To the extent that any of Plaintiff's claims of Constitutional violations are based *solely* on such testimony, those claims are dismissed with prejudice. However, Defendants may not be free from any future mention of this allegation, particularly if it is used, along with other allegations, to support Plaintiff's malicious prosecution claim.

**C. Claims Based on Unduly Suggestive Identification**

Finally, Defendants move to dismiss any claims based on Plaintiff's allegations that Defendants' used an unduly suggestive identification procedure. Defendants argue that such procedures

are not actionable under § 1983 where the plaintiff is not deprived of a fair trial as a result. Defs.' Br. 8-9. The Court agrees. The Seventh Circuit has made clear that there exists no Due Process violation resulting from a suggestive identification until evidence of such identification is used against a defendant in a criminal trial. *United States ex rel. Kirby v. Sturges*, 510 F.2d 397, 406 (7th Cir. 1975). Thus, Plaintiff cannot base a cause of action on the alleged identification, as the charges against him were dismissed before a trial took place. Plaintiff concedes this point. In his response, Plaintiff agrees that Defendants cannot be held liable for the suggestive identification procedure alone, but again states that he is not relying on these allegations "to prove a stand-alone due process claim, . . . but to support his other claims." Pl.'s Resp. 6. Defendants reply that this fails to reasonably apprise them of the allegations against them. Because liability cannot attach based on a suggestive lineup alone, all mention of it should be banished, Defendants suggest. This bright line dichotomy is not supported by case law. *See Jones v. Chicago*, 856 F.2d 985, 996 (7th Cir. 1988) (affirming verdict against police officers for false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution and conspiracy where plaintiff did not offer evidence of the suggestive lineup as a basis of liability but rather to vitiate identifications as grounds for probable cause); *see also Phillips*

*v. Allen*, 743 F.Supp.2d 931, 941 (N.D. Ill. Sept. 28, 2010) (considering the circumstances of a witness identification in determining whether probable cause existed and noting that "an unduly suggestive photographic array or in-person lineup may not be used to establish probable cause").

Defendants are correct that a merely suggestive lineup cannot, standing alone, form the basis of a Constitutional claim, and the motion to dismiss is granted to that extent. But, similar to the allegation of Defendant Kajdi's false testimony, Defendants may not be free of any future mention of a suggestive lineup if it comes in another context.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendants' Motion to Dismiss Defendants LeFlore, Fietko, and Kajdi from the malicious prosecution and intentional infliction of emotional distress claims is denied as Plaintiff has adequately alleged they filed false reports.

To the extent that Plaintiff alleges false arrest, those claims are dismissed without prejudice against all Named Officers except Chudy and Wake.

To the extent Plaintiff relies on an unduly suggestive identification procedure for a claim, Plaintiff has conceded this is cannot be the sole basis of a Constitutional claim, and all

Defendants are dismissed with prejudice in this regard.  To the extent it may support other claims, dismissal is denied.

To the extent that any of Plaintiff's Constitutional claims rely solely on Defendant Kajdi's grand jury testimony, Plaintiff has conceded that cannot be the sole basis of a Constitutional claim, and Kajdi is dismissed with prejudice in this regard.

**IT IS SO ORDERED.**

                                     Harry D. Leinenweber, Judge
                                     United States District Court

**DATE:** 6/29/2012